# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50269
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 20, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MARIO ALANIS ALEMAN,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CR-511-1

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Mario Alanis Aleman challenges his sentence of, *inter alia*, 360 months' imprisonment imposed after he pleaded guilty to conspiracy to possess, with intent to distribute, 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), & 846. He asserts the district court erred by using unreliable information to determine the drug quantity used to calculate

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

his base-offense level, and by increasing his offense level for his role as an organizer or leader.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). A factual finding is not clearly erroneous so long as it is plausible in the light of the record as a whole. *E.g., United States v. Njoku*, 737 F.3d 55, 77 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 2319 (2014) (citation omitted).

Our analysis is limited to the quantity of drugs transported from Dallas, Texas, to Austin, Texas, because this is the drug quantity the district court assessed in determining Aleman's base-offense level. The district court also relied on the co-conspirators' statements, reported through an investigating officer's testimony at the sentencing hearing, to find this drug quantity. An investigation revealed Aleman and his co-conspirators distributed drugs. The co-conspirators, according to the officer, corroborated each other's statements by reporting the same location of the supply of drugs, amount of drugs transported per trip, and method of concealment. Aleman's uncontradicted, post-arrest statement further corroborated their statements regarding the location of Aleman's supply of drugs. Given this indicia of reliability, particularly the consistency and specificity of the co-conspirators' statements, and the absence of any rebuttal evidence, the district court's drug-quantity

finding was plausible in the light of the record as a whole and, therefore, not clearly erroneous. *E.g., Njoku*, 737 F.3d at 78.

The district court's finding that Aleman was an organizer or leader pursuant to Guideline § 3B1.1(a) was also plausible in the light of the record as a whole and, therefore, not clearly erroneous. *See id.*; *see also United States v. Betancourt*, 422 F.3d 240, 245-46 (5th Cir. 2005). Aleman managed the supply of drugs from his source in Dallas, coordinated the delivery of drugs to Austin, and supplied drugs to his co-conspirators for distribution. Evidence that co-conspirators sold drugs on Aleman's behalf, and that Aleman paid them to transport drugs and drug proceeds, substantiates the conclusion that Aleman exercised control and authority over his co-conspirators. Additionally, evidence demonstrates Aleman received a larger share of the proceeds because his co-conspirators sold drugs Aleman supplied on a consignment basis, and they returned most of the proceeds to him. Aleman also exercised decision-making authority by refusing to work with certain people.

AFFIRMED.